IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN L. FEINGOLD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OFFICE OF DISCIPLINARY | : | |
| COUNSEL, et al. | : | NO. 09-4421 |

MEMORANDUM

McLaughlin, J. December 14, 2009

  This action was brought by a former attorney who was disbarred in 2008 and was recently subject to two orders issued by the Philadelphia County Court of Common Pleas that further enjoined his ability to practice law. The first order barred the plaintiff from his office and prohibited him from filing any documents with the state court without approval from the President Judge. The second order appointed a conservator over the plaintiff's office and the case files stored there and allowed the plaintiff limited supervised access to his office when accompanied by the conservator or a member of the Office of Disciplinary Counsel. The plaintiff asserts that these orders violated his rights under the First, Fourth and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985.

  The defendants have moved to dismiss the plaintiff's claims on various grounds. The Court grants the defendants' motion on the grounds that it either lacks subject matter jurisdiction under the Rooker-Feldman doctrine or must decline to

exercise jurisdiction under the Younger abstention doctrine.  The Court's reasoning is dependant on whether a petition for writ of mandamus currently pending before the Commonwealth Court of Pennsylvania constitutes an on-going state proceeding.  If the petition for writ of mandamus is not an on-going state proceeding, the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.  If the petition for writ of mandamus is an on-going state court proceeding, the Court must abstain under the doctrine of Younger abstention.

I. Factual Background

The plaintiff was suspended from the practice of law in Pennsylvania for three years on March 3, 2006.  A consecutive two-year suspension was added on August 22, 2006.  He was disbarred from the practice of law on August 22, 2008.  See Compl., Exhibit A at 1.

Alleging that the plaintiff continued to practice law, the defendant Office of Disciplinary Counsel filed a petition with the defendant Philadelphia County Court of Common Pleas on August 1, 2009.  That petition asked the state court to take further steps to enjoin the plaintiff from his alleged practice of law.  See Compl. at paragraph 14.

President Judge Dembe, also a defendant, presided over that case.  The Court of Common Pleas held hearings on August 11, 24 and 27, 2009.  See Compl., Exhibit A at 2.  The court entered

2

an order on September 3, 2009, that, inter alia, enjoined the plaintiff from engaging in the unlawful practice of law by a formerly admitted attorney.  The order prohibited the plaintiff from entering his office or from removing items from his office.  It also prohibited the plaintiff from filing any documents with the Philadelphia Prothonotary or the Clerk of Quarter Sessions without receiving the prior approval of the President Judge.  See Compl., Exhibit A at 13-14.

In an order dated September 10, 2009, the court appointed Judge Nigro, also a defendant in this case, to act as conservator and to review the files stored in the plaintiff's office.  This order also allowed the plaintiff, when accompanied by Judge Nigro or a member of the Office of Disciplinary Counsel, to access his office for the sole purpose of retrieving copies of his utility bills in order to pay them.  See Compl., Exhibit B.

The plaintiff avers that he tried to appeal the state court's injunction order on September 25, 2009, but that defendant Joseph Evers, the Philadelphia Prothonotary, and President Judge Dembe refused to accept the appeal.  He also claims that President Judge Dembe would not contact or meet with him to explain the denial of his appeal.  See Compl. at paragraph 25.

The plaintiff filed his complaint with this Court on September 29, 2009.  The plaintiff asserts that the state court's

3

order restricting him from his office violates his Fourth Amendment right against unreasonable seizures.  He argues that his Fourth Amendment protection against unreasonable searches was violated by the appointment of a conservator over his office and papers.  He also maintains that the order's requirement of approval for the filing of any document with the Prothonotary of the Philadelphia Court of Common Pleas violates his First Amendment rights and his equal protection rights under the Fourteenth Amendment.  <u>See</u> Compl. at paragraphs 26-30.  Finally, he alleges violations of 42 U.S.C. §§ 1983 and 1985 against all of the defendants and seeks counsel and expert fees under 42 U.S.C. § 1988.  <u>See</u> <u>id.</u> at paragraph 31-32.

    The plaintiff filed a motion with the Supreme Court of Pennsylvania to allow the filing of a petition for review nunc pro tunc on September 30, 2009.  The petition was denied by the Pennsylvania Supreme Court by an order dated November 10, 2009.

    The plaintiff also filed a petition for writ of mandamus on October 1, 2009.  That petition seeks to have the Commonwealth Court require defendant Evers to accept the plaintiff's filings.  <u>See</u> Pl.'s Ans. at 4.  As of the date of this memorandum, the docket of the Commonwealth Court reflects that the plaintiff's petition is still pending.  <u>See</u> Commonwealth Court of Pennsylvania, Docket No. 512 MD 2009.

II. <u>Analysis</u>

The defendants argue that the Court either lacks jurisdiction over this case under the <u>Rooker</u>-<u>Feldman</u> doctrine or must abstain from exercising jurisdiction under the <u>Younger</u> abstention doctrine, depending upon whether the plaintiff's petition for writ of mandamus constitutes an on-going state proceeding.[1]

In support of their <u>Younger</u> argument, the defendants maintain that the petition constitutes an on-going state court proceeding involving important state interests. <u>See</u> Defs' Motion to Dismiss at 3-4. The plaintiff argues that the petition is not an on-going state proceeding because it is prospective only and because only defendant Evers is a party to the mandamus action. <u>See</u> Pl.'s Ans. at 2-5.

The Court does not have to resolve this factual issue. If the petition is not an on-going state proceeding, the Court lacks subject matter jurisdiction under the <u>Rooker</u>-<u>Feldman</u> doctrine. If the petition is an on-going state proceeding, the Court must abstain under the <u>Younger</u> abstention doctrine. The Court therefore will grant the defendants' motion to dismiss.

---

[1] The defendants also argue that they are immune from suit under the Eleventh Amendment, judicial immunity, prosecutorial immunity and quasi-judicial immunity. Because the Court will dismiss the case on other grounds, it does not decide these issues.

5

a. <u>The Rooker-Feldman Doctrine</u>

Treating the Philadelphia Court of Common Pleas' orders as final judgments, the Court lacks subject matter jurisdiction because the plaintiff seeks relief in the nature of appellate review of the state court's orders.

Under the <u>Rooker</u>-<u>Feldman</u> doctrine, federal district courts are barred from exercising appellate jurisdiction over final state-court judgments because 28 U.S.C. § 1257 rests federal appellate jurisdiction over state-court judgments solely in the United States Supreme Court. <u>See</u> <u>Lance v. Dennis</u>, 546 U.S. 459, 463 (2006); <u>see also</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). The doctrine, however, is narrow and is applicable only in cases brought by parties who have lost in state court before the federal district court proceedings commenced, who complain of injuries caused by the state court's judgments, and who invite federal district court review and rejection of those judgments. <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005) (Exxon).

The Court of Appeals for the Third Circuit has held that a claim is barred by <u>Rooker</u>-<u>Feldman</u> in two circumstances: (1) if the federal claim was actually litigated in state court prior to the filing of the federal action, or (2) if the federal claim is inextricably intertwined with the state adjudication.

6

See In re Madera, 2009 WL 3764025, *2 (3d Cir. Nov. 12, 2009). A federal claim is "inextricably intertwined" with a state court adjudication when (1) the federal court must determine that the state-court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment. See id. In the second situation, a plaintiff's federal claim is "inextricably intertwined" with the state court adjudication when the relief sought would prevent a state court from enforcing its orders. See Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004).

The defendants in this case argue that the plaintiff, who lost in state court, is complaining of injuries caused by the state court's orders. They argue that the relief he seeks would necessarily invalidate those orders. See Defs' Motion to Dismiss at 4-5.

Citing Feldman, the plaintiff, however, maintains that federal district courts specifically retain jurisdiction over allegations relating to the constitutionality of actions undertaken pursuant to state bar rules. He further argues that he is not seeking review of the state court's orders themselves, but, rather, that he seeks to enjoin the defendants from acting upon the basis of rules that are demonstrably unconstitutional in their contended scope. See Pl.'s Ans. at 5-6.

The plaintiff misapplies Feldman to his case. In

7

Feldman, the Supreme Court also dealt with challenges to a state court's decisions relating to the regulation of its bar. The Feldman Court held that, although a federal district court has jurisdiction over general challenges to state bar rules as promulgated by state courts in non-judicial proceedings, federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Id. at 486.

In this case, the plaintiff has not mounted a general challenge to the validity of any state bar rule relating to the state court's orders. Instead, he seeks review in a federal district court of President Judge Dembe's orders barring him from his office, limiting his ability to file documents in state court, and appointing a conservator over his case files and office. He asks this Court for an order enjoining the defendants from the alleged continued violation of his constitutional rights through the enforcement of those orders. See Compl. Because plaintiff seeks to have this Court prevent the state court's enforcement of its orders, his federal claims are inextricably intertwined with the state court adjudication.

The plaintiff therefore falls squarely within the limited circumstances in which the Rooker-Feldman doctrine applies. The plaintiff has lost in state court. He complains of

8

injuries relating to the state court's judgments, which were made before this federal proceeding was commenced. He now seeks review and rejection of those judgments in federal district court. This Court lacks jurisdiction to hear what is essentially an appeal of a final state-court judgment, even if the plaintiff alleges that the state court's action was unconstitutional.

    b.    <u>The Younger Abstention Doctrine</u>

In the alternative, if the plaintiff's petition for writ of mandamus is a pending state court proceeding, the Court must abstain under the doctrine of <u>Younger</u> abstention. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

District courts must abstain from enjoining state judicial proceedings when (1) there is a pending state proceeding that is judicial in nature, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceeding for the plaintiff to raise his constitutional challenges. <u>See</u> <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982).

Under the first prong of <u>Younger</u>, the plaintiff maintains that there are no state proceedings currently pending that relate to the state court orders because his petition to appeal the first order was denied and the time to appeal that order has expired. <u>See</u> Pl.'s Ans. at 3.

9

The plaintiff's petition for writ of mandamus, however, is still pending before the Commonwealth Court of Pennsylvania. The plaintiff concedes that the petition seeks to have the Commonwealth Court require Mr. Evers to accept documents from the plaintiff for filing. See id. at 4-5. The petition could be viewed as an on-going judicial proceeding related to the state court's September 3 order, which would satisfy the first prong of Younger abstention.

With regard to the second prong of Younger, this proceeding implicates important state interests because it involves a challenge to a state's chosen means to regulate the professional conduct of an attorney.

The Supreme Court has held that states have a strong interest in challenges to the processes by which a state compels compliance with the judgments of its courts. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 13-14 (1987). The Supreme Court has also held that the interest of the states in regulating lawyers is especially great, due to lawyers' role in the primary governmental function of administering justice and their historical role as officers of the courts. See Goldfarb v. Virginia State Bar, 421 U.S. 773 (1975). States therefore have exercised extensive control over the regulation of the professional conduct of attorneys. See Middlesex County Ethics Comm., 457 U.S. at 434.

In this case, the state has a strong interest in a challenge to the process by which it has chosen to compel compliance with its decision to enjoin a disbarred attorney from the continued practice of law.  The state has a similarly strong and important interest in regulating the conduct of such an attorney.

Finally, under the last prong of <u>Younger</u>, the state appellate process presents an adequate opportunity for the plaintiff to raise his constitutional claim.  Should he feel that the state courts have not adequately addressed his constitutional concerns, the plaintiff may petition the Supreme Court of the United State for a writ of certiorari under 28 U.S.C. § 1257.

The Court, therefore, abstains under <u>Younger</u> if the petition for writ of mandamus is considered to be an on-going state proceeding.

An appropriate Order shall issue separately.